Max Cline, Esq. #055533
Law Office of Max Cline
1300 Clay Street, Suite 600
Oakland, CA 94612

Telephone: 510-464-8068
Facsimile: 510-464-8069

Attorney for Debtors/Plaintiffs

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Corlena Decatur,<br><br>    Debtor.<br>_____<br>Corlena Decatur,<br><br>    Plaintiff,<br><br>vs.<br><br>American General Finance,<br><br>    Defendant.<br>_____ | Chapter 13<br><br>Case No. 08-47777<br><br>Adversary Case No.<br><br>COMPLAINT FOR ORDER THAT SECOND DEED OF TRUST MAY BE PAID OFF AND DISCHARGED AS AN UNSECURED DEBT |

Plaintiff, through her attorney, Max Cline, Esq., states as follows:

1. This matter is a "core proceeding" and this Court has jurisdiction pursuant to 28 U.S.C. §1334 and Federal Rule of Bankruptcy Procedure 7001(2).

2. Plaintiff, Corlena Decatur, is the debtor herein.

3. The defendant, American General Finance, is a corporation doing business in California.

[**Summary of pleading**] - 1

4. Defendant American General Finance has a second Deed of trust on the Debtor's real property located at 5909 Fortune Way, Oakland, Alameda County, California. The loan number is 607212400180XXXX.
5. This chapter 13 case was filed on December 29, 2008.
6. As of December 29, 2008, American General Finance was owed $24,660.58.
7. The fair market value of Debtor's aforementioned real property was $229,000.00 as of December 29, 2008. This value was confirmed by Zillow.com. Real property located at 2139 – 66th Ave., Oakland, CA, which is less than 1/3 mile from debtor's home, was sold for $230,000.00 on June 4, 2008. This property has approximately 30% more square footage and the same number of bedrooms and bathrooms as debtor's property.
8. The first deed of trust holder, IndyMac Bank, was owed $284,804.79 on December 29, 2008.
9. Based upon the foregoing facts, the debtor/plaintiff, Corlena Decatur, is entitled to pay off her loan secured by the second deed of trust in this chapter 13 as a general unsecured debt at the pro tanto rate provided for in the chapter 13 plan.

WHEREFORE, the Debtor/Plaintiff prays for a judgment declaring that on December 29, 2008 her debt owed to American General Finance was entirely unsecured and therefore may be paid as an unsecured debt and discharged upon completion of the debtor's chapter 13 plan and that

once discharged said debt will no longer be a lien on the debtor's property and American General Finance shall be required to record a deed of reconveyance of said second deed of trust.

DATED: March 30, 2009 _____Max Cline_____
Max Cline
Attorney for Debtor/Plaintiff