Entered on Docket
April 23, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: April 23, 2009

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 388
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor
LANDROVER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

CORLENA DECATUR,

    Debtor.

_____/

Case No. 08-47777 LJT-13
(Chapter 13 Proceeding)

R.S. No. APN-961

ORDER REGARDING LANDROVER'S MOTION FOR RELIEF FROM AUTOMATIC STAY RE: 2002 LAND ROVER (V.I.N. SALPM16402A461241)

Date: April 17, 2009
Time: 11:00 am
Judge: Leslie Tchaikovsky
Ctrm: #201,
      1300 Clay Street,
      Oakland, CA

    On April 17, 2009, a preliminary hearing was held before the above-entitled Court regarding LANDROVER's (hereinafter referred to as "Movant") Motion For Relief From Automatic Stay under 11 U.S.C. §362(d)(1) pertaining to that 2002 Land Rover, (V.I.N. SALPM16402A461241) (hereinafter referred to as the "property").

    All appearances having been duly entered on the record and after oral, documentary, and/or competent evidence was considered, the above-entitled Court found and ordered as follows:

    1.    IT IS HEREBY ORDERED that Debtor, CORLENA DECATUR (hereinafter referred to as "Debtor") shall provide Secured Creditor, LAND ROVER (hereinafter referred to as "Secured Creditor") with the sum of $1,732.04 in certified funds, by 4:30 p.m. on May 1, 2009, and IT IS HEREBY FURTHER ORDERED that any risk of nondelivery that exists hereunder lies with Debtor.

    2.    In the event that Debtor fails to comply with the provisions set forth in Paragraph #1 above, IT IS HEREBY FURTHER ORDERED that Secured Creditor shall be deemed to have immediate relief from

the automatic stay provisions heretofore pending in this action as they pertain to the interest of Debtor and to the interest of Chapter 13 Trustee, Martha G. Bronitsky, in and to the subject vehicle and IT IS HEREBY FURTHER ORDERED that the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3) shall not apply.

3. IT IS HEREBY FURTHER ORDERED that such relief will entitle Secured Creditor to immediately recover the subject vehicle and, thereafter, IT IS HEREBY FURTHER ORDERED that Secured Creditor may exercise its State Law, contractual remedies with regard to disposal of the subject vehicle.

4. IT IS HEREBY FURTHER ORDERED that such relief will allow Secured Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute.

5. In the event that Debtor complies with the provisions set forth in Paragraph #1 above, thereafter, IT IS HEREBY FURTHER ORDERED that Debtor's account with Secured Creditor is to brought current by May 28, 2009. IT IS HEREBY FURTHER ORDERED that Debtor is to remain current in her monthly payment to Secured Creditor until her account with Secured Creditor has been paid in full.

6. In the event that Debtor complies with the provisions set forth in Paragraph #1 above, but later defaults under any of the terms and conditions contained herein, IT IS HEREBY FURTHER ORDERED that Secured Creditor's attorneys of record herein shall give Debtor and her attorneys of record herein written notice of said default. IT IS HEREBY FURTHER ORDERED that such written notice shall be mailed as follows: Corlena Decatur, 5909 Fortune Way, Oakland, CA 94605; LAW OFFICES OF MAX CLINE, 1300 Clay St. #600, Oakland, CA 94612, and shall contain a date (said date to be ten (10) days after the postmarked date of notice) before which said default must be cured.

7. Should Debtor fail to cure said default within the time specified, IT IS HEREBY FURTHER ORDERED that Secured Creditor's attorneys of record herein may serve upon Debtor and her attorneys of record herein and may submit to the above-entitled Court, an Application and an Order For Relief From Automatic Stay, requesting immediate and total relief from stay in order to effect recovery of the subject vehicle. IT IS HEREBY FURTHER ORDERED that said Order may be signed without further notice and without further Court hearing and IT IS HEREBY FURTHER ORDERED that the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3) shall not apply.

8. If Secured Creditor shall have given Debtor notice of default in the manner set forth above on two (2) occasions occurring after the date hereof and Debtors shall have timely cured such defaults as

provided for herein, and Secured Creditor shall, thereafter, give Debtor written notice of the occurrence of a third default by Debtor, Secured Creditor shall be have the exclusive option to submit to the above-entitled Court, an Application and an Order For Relief From Automatic Stay, requesting immediate and total relief from stay. IT IS HEREBY FURTHER ORDERED that said Order may be signed without further notice and without further Court hearing.

9. Should Debtor default under any of the terms and conditions contained herein and, consequently, force Secured Creditor to repossess, or otherwise take possession of the subject vehicle, IT IS HEREBY FURTHER ORDERED that once Secured Creditor has regained possession of the subject vehicle, Secured Creditor may exercise its State Law, contractual remedies with regard to disposal of the subject vehicle.

10. Should Debtor default under any of the terms and conditions contained herein and, consequently, force Secured Creditor to repossess and subsequently dispose of the subject vehicle in the normal course of business, IT IS HEREBY FURTHER ORDERED that any deficiency remaining on this account shall remain subject to the automatic stay provisions pending in the above-captioned action and any discharge granted in this action.

11. IT IS HEREBY FURTHER ORDERED that such relief will allow Secured Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute.

12. IT IS HEREBY FURTHER ORDERED that the automatic stay provisions pending under and pursuant to the above-entitled proceeding shall not be extended by this Order and IT IS HEREBY FURTHER ORDERED that the automatic stay provisions pending under and pursuant to the above-entitled proceeding shall terminate upon discharge or dismissal of the above-entitled proceeding.

APPROVED AS TO
FORM AND CONTENT:

Dated: April 17, 2009                                LAW OFFICES OF MAX CLINE

                                By /s/ Melanie Brown
                                  Attorneys for Debtor,
                                  CORLENA DECATUR

** END OF ORDER **

**COURT SERVICE LIST**

CORLENA DECATUR
5909 Fortune Way
Oakland, CA 94605

Max Cline
1300 Clay St. #600
Oakland, CA 94612

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540

U.S. Trustee Oakland
1301 Clay St. #690N
Oakland, CA 94612

LANDBK.05ORD